**Opinion filed October 19, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00248-CV

_____

## IN THE INTEREST OF T.N.S., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 08506-CX**

## M E M O R A N D U M   O P I N I O N

Appellant, the father of T.N.S., filed a pro se notice of appeal in this cause on September 12, 2017. Appellant stated in his notice of appeal that he was appealing from a judgment entered on August 30, 2017. Upon docketing the case, we notified Appellant that it did not appear that the trial court had entered a final, appealable order in this matter, and we requested that Appellant respond and show grounds to continue this appeal.

The documents on file in this court reflect that, on August 29, 2017, the trial court entered an order in which it granted a nonsuit and dismissed the case based upon a notice of nonsuit filed by the child's mother. *See* TEX. FAM. CODE ANN.

§ 161.203 (West 2014) (providing that nonsuit in termination case must be approved by trial court). In his response to this court's dismissal letter, Appellant states that he had filed a cross-petition after the mother filed a petition, that the trial court abused its discretion when it dismissed Appellant's cross-petition, and that Appellant brought this appeal for this court "to address the dismissal of his cross-petition." Attached to Appellant's response is a letter from the trial court to Appellant. In that letter, the trial court explained: "Cause No. 8506-CX has been dismissed. The Texas Department of Family and Protective Services has filed suit with which you have been served in Cause No. 8868-CX." The letter reflects that Cause No. 8868-CX is also styled "*In the Interest of T.N.S., A Child.*" The trial court further explained to Appellant, who is incarcerated, that the Texas Department of Family and Protective Services has emergency custody of the child and that a hearing has been set in that cause. The trial court noted that it had mailed an affidavit of indigence to Appellant for him to fill out and return if he desired to have an attorney appointed in that cause.

In a suit affecting the parent-child relationship, a trial court may, on its own motion, "require the parties to replead in order that any issue affecting the parent-child relationship may be determined in the suit." FAM. § 102.001. It appears that the trial court in this case has attempted to do just that. The documents on file in this court reflect that no final, appealable order involving the conservatorship of T.N.S. has been entered, that the issue of conservatorship remains pending with the trial court in Cause No. 8868-CX, and that the trial court has required Appellant to replead in order that the issue of conservatorship of T.N.S. may be determined in Cause No. 8868-CX.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). It appears that no

2

final judgment has been rendered and that the matter of the conservatorship of T.N.S. remains pending in the trial court. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(a).

The appeal is dismissed for want of jurisdiction.

PER CURIAM

October 19, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.